IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED WORLD SPECIALTY INSURANCE | ) | |
| COMPANY f/k/a DARWIN NATIONAL | ) | |
| ASSURANCE COMPANY, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| ADLER UNIVERSITY, | ) | |
| an Illinois Corporation, | ) | ***Jury Trial Demanded*** |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

Plaintiff, Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company ("Allied World"), by and through its attorneys, BatesCarey LLP, and for its Complaint for Declaratory Judgment, states as follows:

## <u>NATURE OF THE ACTION</u>

1.     This is an insurance coverage dispute.  Allied World issued four consecutive liability insurance policies to Defendant, Adler University ("Adler").  Each policy is a "claims made and reported" policy, which means that any **Claim**[1] tendered to Allied World for coverage must be first made during the **Policy Period** and reported to Allied World no later than 75 days after the expiration of the policy.  Otherwise, Adler is not entitled to coverage for the **Claim**.

---

[1] Terms in bold are defined in the Allied World policies.

2.      Adler has tendered two separate **Claims** to Allied World for coverage – the McCrovitz **Claim** and the "Claimant A.D. **Claim**." [2]  However, Adler failed to report either **Claim** within 75 days after the expiration of the policy in force when each **Claim** was first made.  Therefore, Adler is not entitled to coverage for either **Claim**.

3.      Other terms and conditions of the Allied World policies also bar or limit coverage for the McCrovitz **Claim** and the Claimant A.D. **Claim**.

### PARTIES

4.      Allied World is a corporation organized under the laws of Delaware with its principal place of business located in Farmington, Connecticut.

5.      Adler is a corporation organized under the laws of Illinois with its principal place of business located in Chicago, Illinois.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202, as Allied World seeks a declaration of the parties rights and obligations under the policies issued by Allied World.  Jurisdiction is also conferred by 28 U.S.C. § 1332(a), as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), in that Adler is a resident within this District, and a substantial part of the events or omissions giving rise to this action occurred within this District.

---

[2] As alleged below, a consumer complaint was filed against Adler by a former Adler student with the Consumer Protection Division of the Office of the Illinois Attorney General's Office on September 28, 2015.  Given that the consumer complaint is not a public document, Allied World has changed the former student's name to "Claimant A.D." herein to protect her anonymity.

## ALLIED WORLD INSURANCE POLICIES

8.      Allied World issued four consecutive Educators Errors and Omissions and Employment Practices Liability Insurance Policies to Adler for the following **Policy Periods**: September 1, 2012 to September 1, 2013 (the "2012 Policy"); September 1, 2013 to September 1, 2014 (the "2013 Policy"); September 1, 2014 to September 1, 2015 (the "2014 Policy"); and September 1, 2015 to September 1, 2016 (the "2015 Policy") (each a "Policy," and collectively, the "Policies").  Each Policy contains a Limit of Liability of $5 million, excess of any applicable retention.  True and accurate copies of the 2012 Policy, the 2013 Policy, the 2014 Policy, and the 2015 Policy are attached hereto as Exhibits A, B, C, and D, respectively.

9.      As relevant here, the Policies contain identical terms and conditions, except for the **Policy Period**.

10.     The Insuring Agreement set forth in Section I.A.(1). in the Policies states as follows:

> The **Insurer** will pay on behalf of any **Insured**, subject to the Limits of Liability set forth in ITEM 3(a) and 3(c) of the Declarations, **Loss** which the **Insured** is legally obligated to pay as a result of any **Claim** first made against any **Insured** during the **Policy Period**, or any applicable Extended Reporting Period for an **Educators Wrongful Act** which occurred on or after the **Retroactive Date** and before the end of the **Policy Period**. Except for **Claims** seeking, in whole or in part, **Non-Monetary Relief** as described in paragraph A(2) below, the payment of **Defense Expenses** by the **Insurer** shall be in addition to the applicable Limits of Liability set forth in ITEM 3 of the Declarations, and will not reduce such Limits of Liability.

11.     Section II.C. of the Policies define **Claim** to mean:

> (1)      any written demand for monetary damages or **Non-Monetary Relief**;
>
> (2)      any written request to toll or waive any statute of limitations;

(3)    any civil proceeding in a court of law or equity, including any appeal therefrom, which is commenced by the filing of a complaint, motion for judgment, or similar proceeding;

(4)    any criminal proceeding which is commenced by the return of an indictment or similar document;

(5)    any administrative or regulatory proceeding or investigation, including a proceeding brought before the Equal Employment Opportunity Commission or similar state or local agency, commenced by the filing of a notice of charges, formal order of investigation or similar document; or

(6)    any arbitration proceeding, or any other alternative dispute resolution proceeding, to which the **Insured** must submit or does submit with the **Insurer's** consent.

12.    Section II.Q. of the Policies define **Related Claim** to mean:

all **Claims** for **Wrongful Acts** based upon, arising out of, resulting from, or in any way involving the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events, whether related logically, causally or in any other way.

13.    Each of the Policies also contains Condition IV.F., which provides in relevant part that:

(1)    As a condition precedent to any right to payment in respect of any **Claim**, the **Insured** must give the **Insurer** written notice of such **Claim**, with full details, as soon as practicable after it is first made and in no event later than seventy-five (75) days after the expiration date of the **Policy Period**.

*      *      *

(4)    All **Related Claims** will be treated as a single **Claim** made when the earliest of such **Related Claims** was first made, or when the earliest of such **Related Claims** is treated as having been made in accordance with CONDITION F(2), whichever is earlier.

## MCCROVITZ CLAIM

14.     On or about January 17, 2013, Anthony McCrovitz, a purported Adler doctoral student, sent Adler a letter demanding that Adler investigate the circumstances surrounding its refusal to grant McCrovitz a degree in its Doctor of Psychology in Clinical Psychology ("PsyD") program.  In the letter, McCrovitz alleged that, upon acceptance into the PsyD program, he and Adler had agreed on what coursework McCrovitz needed to complete to obtain a degree, since McCrovitz already had a doctoral degree in organizational psychology.  McCrovitz alleged that he had relied upon his agreement with Adler by making career decisions and incurring student loan debt.  McCrovitz alleged that he had completed all of the agreed upon coursework and that he was entitled to receive a degree in PsyD in May 2013.  According to McCrovitz, however, Adler told him that he would not be receiving a degree in May 2013 because he had not completed the necessary coursework, notwithstanding the parties' agreement.  McCrovitz demanded that Adler investigate the situation and that he be notified of Adler's findings within 10 business days.  A true and correct copy of McCrovitz's January 17, 2013 letter to Adler (without attachments) is attached hereto as Exhibit E.

15.     On or about March 11, 2013, Adler responded to McCrovitz by letter, acknowledging that there was an error in the acceptance letter since McCrovitz had not completed his pre-requisites, but asserting that the Adler School Catalog was binding and precluded McCrovitz from obtaining a PsyD degree.  However, Adler offered in the letter to resolve its dispute with McCrovitz by reimbursing of all of his tuition, allowing him to finish the re-specialization program, and offering him the option of completing the rest of the PsyD program.  A true and correct copy of Adler's March 11, 2013 letter to McCrovitz is attached hereto as Exhibit F.

16.     On or about March 19, 2013, McCrovitz's attorney, Nathan J. Mirocha, sent Adler a letter, advising Adler that Mirocha had been retained by McCrovitz "regarding his conflict and disputes" with Adler. In the letter, McCrovitz alleged through his counsel that Adler would be in breach of its contract with McCrovitz if it did not grant him a degree, and further alleged that "the offer letter and emails from Adler faculty to Mr. McCrovitz are violative of Section 2 of the Illinois Consumer Fraud Act (815 ILCS 505/2)." McCrovitz stated that, if Adler carried out its "fraud" and breached its contract with McCrovitz, "damages will not be limited to tuition and loan interest but would also include past and future lost income and wages (among other damages)." McCrovitz requested a copy of his academic file and demanded that Adler "initiate the formal appeal process" under the Adler Student Handbook. A true and correct copy of the March 19, 2013 appeal letter is attached hereto as Exhibit G.

17.     On April 13, 2015, McCrovitz filed a lawsuit against Adler University d/b/a Adler School of Professional Psychology in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Cause No. 2015 CH 06156 (the "McCrovitz Lawsuit"). The McCrovitz Lawsuit arises out of, results from, and involves the same dispute as the aforementioned letters. McCrovitz alleges causes of action against Adler for: breach of contract; violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act; violation of the Vocational Schools Act; violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act *vis-à-vis* violation of the Private Business and Vocational Schools Act; fraudulent misrepresentation; unjust enrichment; and promissory estoppel. McCrovitz seeks relief in the form of: a mandatory injunction against Adler, requiring it to confer a Doctorate in Clinical Psychology upon McCrovitz; an award of restitution and any other equitable relief; and actual,

treble and punitive damages, and attorney's fees and costs, including interest thereon. A true and correct copy of the referenced complaint is attached hereto as Exhibit H.

18.     The January 17, 2013 letter, the March 19, 2013 letter, and the McCrovitz Lawsuit are collectively referred to herein as the "McCrovitz **Claim**."

19.     Adler provided first notice of the McCrovitz Lawsuit to Allied World on May 1, 2015.

20.     Adler did not provide notice to Allied World of the dispute between Adler and McCrovitz prior to May 1, 2015.

## CLAIMANT A.D. CLAIM

21.     On June 3, 2014, Claimant A.D., through her attorney Matthew D. Cohen, sent a letter to Adler appealing its decision to "administratively withdraw" Claimant A.D., a student at Adler, from the school. Claimant A.D. alleged through her counsel that she experienced problems with her supervisor at her practicum placement site at Catholic Charities in Joliet, Illinois. Claimant A.D. alleged that, when she sought help and guidance from Adler, Adler representatives either ignored her, failed to implement remedial measures, or provided contradictory guidance. Claimant A.D. alleged that these failures constituted "procedural errors of institutional processes and procedures." She also alleged that Adler breached its contract with her by failing to properly teach her, and failed to provide her with the skills needed to learn and advance towards her degree during her classroom studies and at her practicum site. In particular, Claimant A.D. alleged that Adler failed to provide her with a professional mentor relationship, failed to address her concerns with her practicum site, failed to provide her with an appropriate environment where she could express her opinions and concerns, and failed to consider extenuating circumstances when addressing her academic status. Claimant A.D. alleged that she

had been suffering from stress issues that impacted her ability to function and had seen a physician every two to three weeks for stress related issues.  In the letter, Claimant A.D. demanded that Alder reconsider its decision to administratively withdraw her from the school.  A true and correct copy of the June 3, 2014 letter (without exhibits, and redacted to protect Claimant A.D.'s anonymity), is attached hereto as Exhibit I.

22.     By letter dated January 21, 2016, the Consumer Protection Division of the Office of the Illinois Attorney General (the "Illinois AG") forward to Adler for its review and response a consumer complaint filed by Claimant A.D. with the Illinois AG's Office on September 28, 2015.  The January 21, 2016 letter and Claimant A.D.'s September 28, 2015 consumer complaint arise out of, result from, and involve the same dispute as her attorney's June 3, 2014 letter.  A true and correct copy of the Illinois AG's January 26, 2016 letter to Adler (redacted to protect Claimant A.D.'s anonymity), which attaches a copy Claimant A.D.'s September 28, 2015 consumer complaint (also redacted), is attached hereto as Exhibit J.  Claimant A.D.'s consumer complaint contains substantively identical allegations as those raised in her attorney's letter of June 3, 2014 sent to Adler.

23.     The June 3, 2014 letter and Claimant A.D.'s September 28, 2015 consumer complaint are collectively referred to herein as the "Claimant A.D. **Claim**."

24.     Adler provided first notice of the consumer complaint to Allied World on June 14, 2016.

25.     Adler did not provide notice to Allied World of the dispute between Adler and Claimant A.D. prior to June 14, 2016.

## INSURANCE COVERAGE DISPUTE

26.     Adler seeks insurance coverage from Allied World under one or more of the Policies in connection with the McCrovitz **Claim** and the Claimant A.D. **Claim**.

27.     Allied World disputes that coverage exists for the McCrovitz **Claim** or the Claimant A.D. **Claim** under any of the Policies.

28.     An actual, present, and bona fide controversy exists between Allied World and Adler with respect to whether there is insurance coverage for the McCrovitz **Claim** or the Claimant A.D. **Claim** under any of the Policies.

29.     A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policies.

## COUNT I – DECLARATORY JUDGMENT
### (McCrovitz Claim – 2012 Policy – Untimely Notice)

30.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 29 as though set forth fully herein.

31.     McCrovitz's January 17, 2013 and March 19, 2013 letters to Adler, and the McCrovitz Lawsuit, constitute **Related Claims** pursuant to Section II.Q. of the Policies. Therefore, pursuant to Condition F.(4). of the 2012 Policy, McCrovitz's letters and the McCrovitz Lawsuit must be treated as a single **Claim** made when the earliest of such **Related Claims** was first made, i.e., January 17, 2013, during the **Policy Period** of the 2012 Policy.

32.     The 2012 Policy is a "claims made and reported" policy, requiring not only that the **Claim** be first made during the **Policy Period** but also reported no later than 75 days after the expiration of the 2012 Policy.

33.     Adler first reported the McCrovitz **Claim** on May 1, 2015, i.e., more than 75 days after the expiration of the 2012 Policy (in fact, almost two years after the deadline for notice under the 2012 Policy), in breach of Condition F.(1). of the 2012 Policy.

34.     Therefore, Allied World has no duty to defend or indemnify Adler in connection with the McCrovitz **Claim** under the 2012 Policy.

**COUNT II – DECLARATORY JUDGMENT**
**(Claimant A.D. Claim – 2013 Policy – Untimely Notice)**

35.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 34 as though set forth fully herein.

36.     Claimant A.D.'s June 3, 2014 appeal letter to Adler, and her consumer complaint sent to Adler by the Illinois AG on January 21, 2016, constitute **Related Claims** pursuant to Section II.Q. of the Policies.   Therefore, pursuant to Condition F.(4). of the 2013 Policy, Claimant A.D.'s consumer complaint and appeal letter must be treated as a single **Claim** made when the earliest of such **Related Claims** was first made, i.e., June 3, 2014, during the **Policy Period** of the 2013 Policy.

37.     The 2013 Policy is a "claims made and reported" policy, requiring not only that the **Claim** be first made during the **Policy Period** but also reported no later than 75 days after the expiration of the 2013 Policy.

38.     Adler first reported the Claimant A.D. **Claim** to Allied World on June 14, 2016, i.e., more than 75 days after the expiration of the 2013 Policy (in fact, almost two years after the deadline for notice under the 2013 Policy), in breach of Condition F.(1). of the 2013 Policy.

39.     Therefore, Allied World has no duty to defend or indemnify Adler in connection with the Claimant A.D. **Claim** under the 2013 Policy.

## COUNT III – DECLARATORY JUDGMENT
### (McCrovitz Claim – 2013 Policy, 2014 Policy, and 2015 Policy – No Claim First Made During Policy Period)

40.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 39 as though set forth fully herein.

41.     Because the McCrovitz **Claim** constitutes a single **Claim** first made during the **Policy Period** of the 2012 Policy, there is no coverage for the McCrovitz **Claim** under the 2013 Policy, 2014 Policy, or the 2015 Policy.

42.     Therefore, Allied World has no duty to defend or indemnify Adler in connection with the McCrovitz **Claim** under the 2013 Policy, 2014 Policy, or 2015 Policy.

## COUNT IV – DECLARATORY JUDGMENT
### (Claimant A.D. Claim – 2012 Policy, 2014 Policy, and 2015 Policy – No Claim First Made During Policy Period)

43.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 42 as though set forth fully herein.

44.     Because the Claimant A.D. **Claim** constitutes a single **Claim** first made during the **Policy Period** of the 2013 Policy, there is no coverage for the Claimant A.D. **Claim** under the 2012 Policy, the 2014 Policy, or the 2015 Policy.

45.     Therefore, Allied World has no duty to defend or indemnify Adler in connection with the Claimant A.D. **Claim** under the 2012 Policy, the 2014 Policy, or the 2015 Policy.

## COUNT V – DECLARATORY JUDGMENT
### (McCrovitz Claim – All Policies – Exclusion III.C.(7).)

46.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 45 as though set forth fully herein.

47.     Exclusion III.C.(7). of the Policies bars coverage for any **Claim** based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:

any actual or alleged liability of the **Named Insured** under any express contract or agreement, unless such liability would have attached to the **Named Insured** in the absence of such express contract or agreement; provided, however, that this EXCLUSION C(7) shall not apply to the payment of **Defense Expenses** pursuant to INSURING AGREEMNENT I.C(1)(b). For the purposes of this EXCLUSION C(7), an "express contract or agreement" is an actual agreement among the contracting parties, the terms of which are openly stated in distinct explicit language, either orally or in writing, at the time of its making, but does not include any manual of employment policies or procedures issued to the **Insureds** by the **Named Insureds**.

48.     The McCrovitz **Claim** is based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the actual or alleged liability of Adler under an express contract or agreement.

49.     Therefore, Allied World has no duty to defend or indemnify Adler in connection with the McCrovitz **Claim** under any Policy.

## COUNT VI – DECLARATORY JUDGMENT
### (Claimant A.D. Claim – All Policies – Exclusion III.C.(7).)

50.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 49 as though set forth fully herein.

51.     The Claimant A.D. **Claim** is based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the actual or alleged liability of Adler under an express contract or agreement.

52.     Therefore, Allied World has no duty to defend or indemnify Adler in connection with the Claimant A.D. **Claim** under any Policy.

## COUNT VII – DECLARATORY JUDGMENT
### (McCrovitz Claim – 2013 Policy, 2014 Policy and 2015 Policy – Exclusion III.C.(9).)

53.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 52 as though set forth fully herein.

54. Exclusion III.C.(9). of the Policies bars coverage for any **Claim** based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:

> (9) any fact, circumstance, situation, transaction, event, **Wrongful Act** or series of facts, circumstances, situations, transactions, events or **Wrongful Acts**:
>
> > (a) underlying or alleged in any mediation, arbitration, grievance proceeding, litigation or administrative or regulatory proceeding brought prior to and/or pending as of the Inception Date set forth in ITEM 2(a) of the Declarations:
> >
> > > (i) to which any **Insured** is or was a party; or
> > >
> > > (ii) with respect to which any **Insured**, as of the Inception Date set forth in Item 2(a) of the Declarations, knew or should reasonably have known that an **Insured** would be made a party thereto;
> >
> > \*  \*  \*
> >
> > (c) which was the subject of any **Claim** made prior to the Inception Date set forth in ITEM 2(a) of the Declarations.
> >
> > If, however, this Policy is a renewal of one or more policies previously issued by the **Insurer** to the **Named Insured**, and the coverage provided by the **Insurer** to the **Named Insured** was in effect, without interruption, for the entire time between the inception date of the first such other policy and the Inception Date of this Policy, the reference in this EXCLUSION C(9) to the Inception Date will be deemed to refer instead to the Inception Date of the first policy under which the **Insurer** began to provide the **Named Insured** with the continuous and uninterrupted coverage of which this Policy is a renewal;

55. The McCrovitz **Claim**, which was first reported to Allied World on May 1, 2015, is based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving a fact, circumstance, situation, transaction, event, **Wrongful Act** or series of facts, circumstances, situations, transactions, events or **Wrongful Acts** which was the subject of

13

a **Claim** and/or was the subject of a grievance proceeding made and/or brought prior to the Inception Date of the 2013 Policy, the 2014 Policy, and the 2015 Policy.

56.     Therefore, Allied World has no duty to defend or indemnify Adler in connection with the McCrovitz **Claim** under the 2013 Policy, the 2014 Policy, or the 2015 Policy.

### COUNT VIII – DECLARATORY JUDGMENT
### (Claimant A.D. Claim – 2014 Policy and 2015 Policy – Exclusion III.C.(9).)

57.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 56 as though set forth fully herein.

58.     The Claimant A.D. **Claim**, which was first reported to Allied World on June 14, 2016, is based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving a fact, circumstance, situation, transaction, event, **Wrongful Act** or series of facts, circumstances, situations, transactions, events or **Wrongful Acts** which was the subject of a **Claim** and/or was the subject of a grievance proceeding made and/or brought prior to the Inception Date of the 2014 Policy or the 2015 Policy.

59.     Therefore, Allied World has no duty to defend or indemnify Adler in connection with the Claimant A.D. **Claim** under the 2014 Policy or the 2015 Policy.

### COUNT IX – DECLARATORY JUDGMENT
### (McCrovitz Claim – All Policies – Exclusion III.A.)

60.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 59 as though set forth fully herein.

61.     Exclusion III.A. of the Policies provides that Allied World shall not pay **Loss**, but shall only pay **Defense Expenses**, from any **Claim** brought about or contributed to in fact by:

> (1)     any willful misconduct or dishonest, fraudulent, criminal or malicious act, error or omission by any **Insured**;

(2)     any willful violation by an **Insured** of any law, statute, ordinance, rule or regulation; or

(3)     any **Insured** gaining any profit, remuneration or advantage to which such **Insured** is not legally entitled.

The applicability of EXCLUSIONS A(1), A(2) and A(3) to any specific **Insured** may be determined by an admission of such **Insured**, a finding, or a final adjudication, in the proceeding constituting the **Claim** or in a proceeding separate from or collateral to the **Claim**. If any specific **Insured** in fact engaged in the conduct specified in EXCLUSIONS A(1), A(2) and A(3), such **Insured** shall reimburse the **Insurer** for any **Defense Expenses** advanced to or paid on behalf of such **Insured**.

62.     Coverage for the McCrovitz **Claim** is limited to **Defense Expenses** to the extent that it is brought about or contributed to in fact by Adler's willful misconduct or dishonest, fraudulent, criminal or malicious act, error or omission of Adler, by Adler's willful violation of a law, statute, ordinance, rule or regulation, and/or by Adler gaining profit, remuneration or advantage to which it is not legally entitled.

### COUNT X – DECLARATORY JUDGMENT
### (Claimant A.D. Claim – All Policies – Exclusion III.A.)

63.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 62 as though set forth fully herein.

64.     Coverage for the Claimant A.D. **Claim** is limited to **Defense Expenses** to the extent that it is brought about or contributed to in fact by Adler's willful misconduct or dishonest, fraudulent, criminal or malicious act, error or omission, by Adler's willful violation of a law, statute, ordinance, rule or regulation; and/or by Adler gaining profit, remuneration or advantage to which it is not legally entitled.

## COUNT XI – DECLARATORY JUDGMENT
### (McCrovitz Claim – All Policies – Definition of "Loss")

65.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 64 as though set forth fully herein.

66.     Pursuant to the Policies' Insuring Agreements, coverage is only available for **Loss** which the **Insured** is legally obligated to pay as a result of any **Claim**.

67.     **Loss** is defined under Section II.L., as amended the Illinois State Amendatory Endorsement, to mean in relevant part:

> damages, front pay and back pay, judgments, settlements, or other amounts that an **Insured** is legally obligated to pay as a result of a **Claim** including an award of punitive or exemplary damages, unless assess against an **Insured** as a result of such **Insured's** own misconduct.
>
> **Loss** will not include:
>
> (1)     **Defense Expenses**;
> (2)     **Non-Monetary Relief**;
> (3)     any amount representing the value of diminished or lost retirement, health care or other benefits;
> (4)     fines, taxes, penalties;
> (5)     the multiplied portion of multiplied damages; provided that **Loss** will include any multiplied damages awarded to the Age Discrimination in Employment Act or the Equal Pay Act ("Specified Multiplied Damages") that an **Insured** is obligated to pay as a result of a **Claim**, but only if such Specified Multiplied Damages are insurable under applicable law; or
> (6)     pre-judgment interest or post-judgment interest.

68.     Coverage is not available for the McCrovitz **Claim** to the extent McCrovitz seeks relief that does not constitute **Loss**.

## COUNT XII – DECLARATORY JUDGMENT
### (Claimant A.D. Claim – All Policies – Definition of "Loss")

69.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 68 as though set forth fully herein.

70.     Coverage is not available for the Claimant A.D. **Claim** to the extent Claimant A.D. seeks relief that does not constitute **Loss**.

**COUNT XIII – DECLARATORY JUDGMENT**
**(McCrovitz Claim – All Policies – Exclusion III.C.(3).)**

71.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 70 as though set forth fully herein.

72.     Exclusion III.C.(3). of the Policies precludes coverage for any **Loss** or **Defense Expenses** from any **Claim** based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:

> any actual or alleged emotional distress or mental anguish; provided, however, this EXCLUSION C(3) shall not apply to any emotional distress or mental anguish alleged in any **Claim** for an **Employment Practices Wrongful Act** or **Third Party Wrongful Act**.

73.     Coverage for the McCrovitz **Claim** is barred or limited to the extent Exclusion III.C.(3). applies.

**COUNT  XIV – DECLARATORY JUDGMENT**
**(Claimant A.D. Claim – All Policies – Exclusion III.C.(3).)**

74.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 73 as though set forth fully herein.

75.     Coverage for the Claimant A.D. **Claim** is barred or limited to the extent Exclusion III.C.(3). applies.

**COUNT XV – DECLARATORY JUDGMENT**
**(McCrovitz Claim – All Policies – Public Policy)**

76.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 75 as though set forth fully herein.

77.     Coverage is not available for the McCrovitz **Claim** to the extent prohibited by public policy.

## COUNT XVI – DECLARATORY JUDGMENT
### (Claimant A.D. Claim – All Policies – Public Policy)

78.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 77 as though set forth fully herein.

79.     Coverage is not available to Adler for the Claimant A.D. **Claim** to the extent prohibited by public policy.

## COUNT XVII – DECLARATORY JUDGMENT
### (McCrovitz Claim – All Policies – Reimbursement of Defense Costs)

80.     Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 79 as though set forth fully herein.

81.     The Policies contain a "Recovery of Defense Expenses Endorsement," which provides in relevant part that:

> If the **Insurer** assumes the defense of a **Claim** made pursuant to this Policy, and it is ultimately determined the **Insurer** has no obligation to defend such **Claim**, then the **Insurer** will be entitled to full reimbursement of any **Defense Expenses** paid in connection with such **Claim**.

82.     Subject to a reservation of rights, Allied World assumed Adler's defense of the McCrovitz **Claim** and paid Adler's **Defense Expenses** pursuant to the terms of the 2012 Policy. The McCrovitz **Claim**, however, is not covered.  Accordingly, Allied World is entitled to a full reimbursement of the **Defense Expenses** paid to or on behalf of Adler in connection with the McCrovitz **Claim**.

WHEREFORE, Plaintiff, Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company, prays that this Court enter a judgment in its favor and against Adler University as follows:

1.     Declaring that Allied World has no duty to defend or indemnify Adler in connection with the McCrovitz **Claim**; and

2.     Declaring that Allied World is entitled to a full reimbursement of any **Defense Expenses** paid to Adler in connection with the McCrovitz **Claim**; and

3.     Declaring that Allied World has no duty to defend or indemnify Adler in connection with the Claimant A.D. **Claim**.

## JURY DEMAND

Allied World demands a jury trial.


DATED:      July 15, 2016           Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company


                                    By: /s/ Ommid C. Farashahi
                                          One of its Attorneys


Ommid C. Farashahi
Michael T. Skoglund
Adrian T. Rohrer
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, Illinois 60606
Ph.:    312-762-3100
Fax:   312-762-3200

1592649